1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

RAY GILSON,

Plaintiff,

11

12

v.

13

EVERGREEN AT TALBOT ROAD L.L.C.,

Defendant.

14

CASE NO. C04-02126C

ORDER

15

16

17

18

This matter comes before the Court on the Defendant's Motion to Compel Discovery of Medical

Records (Dkt. No. 18).  Having reviewed the materials submitted by the parties and determined that oral

argument is not necessary, the motion is GRANTED in part and DENIED in part for the reasons set forth

below.

19

I.      BACKGROUND

20

21

22

23

24

25

Plaintiff filed a complaint alleging that Defendant violated the Family Medical Leave Act

("FMLA") when it did not restore the Plaintiff to his position after he took emergency medical leave

under the FMLA.  (Dkt. No. 7.)  On February 6, 2004, Plaintiff felt lightheaded and fell while at work.

(Def.'s Mot. 2.)  Plaintiff then left to see Dr. Sy, his primary care physician, whose notes indicate that

February 6, 2004 was to be Plaintiff's last day on methadone.  (Luhn Decl. Ex. F.)  On February 9, 2004,

26

ORDER – 1

1  Plaintiff's daughter delivered a note from Dr. Sy to Defendant, stating that Plaintiff would be unable to

2  work from February 6, 2004 to February 28, 2004 because of a medical reason.  (*Id*. Ex. B.)  Plaintiff

3  was terminated from his job on February 12, 2004.  (*Id*.)

4        Defendant's initial discovery disclosure was accompanied by a general medical records release to

5  be signed by Plaintiff.  (*Id*. ¶ 3.)  Plaintiff's initial disclosure did not contain any signed medical release.

6  (*Id*. Ex. B.)  The day after receiving Plaintiff's initial disclosures, Defendant's counsel initiated a

7  telephone conference with Plaintiff's counsel.  (*Id*. ¶ 6.)  Plaintiff's counsel refused to provide the general

8  medical release requested by Defendant.  (*Id*.)  Defendant then sent Plaintiff its "First Set of

9  Interrogatories and Requests for Production" that requested identification of Plaintiff's health care

10  providers for the preceding ten years (Interrog. No. 4) and copies of Plaintiff's medical records (Req. for

11  Produc. No. 2).  (*Id*. Ex. C.)  Plaintiff's response did not contain any signed medical records release.

12  (Def.'s Mot. 5.)  After communication on the matter between the parties' counsel, Plaintiff's counsel

13  faxed to Defendant a signed medical records release permitting Defendant to obtain Dr. Sy's medical

14  records for the time period of February 6, 2004 to March 8, 2004.  (Luhn Decl. Ex. G.)

15        During Plaintiff's deposition he testified that he had taken methadone to get off prescription pain

16  medication that he had abused, that he received treatment at Evergreen Treatment Center prior to

17  February 6, 2004, and that he received prescription medication from other medical facilities prompting

18  this need for methadone treatment.  (Def.'s Mot. 6.)  Defendant filed this motion to compel Plaintiff to

19  sign a general medical records release in order to obtain medical records from the additional treatment

20  providers or facilities where Plaintiff received treatment.  (*Id*. at 7.)  After Defendant filed its motion,

21  Plaintiff provided Defendant with medical releases, unrestricted in time, for Dr. Sy, the two facilities that

22  prescribed Plaintiff the pain medication that he became dependent upon, and the Evergreen Treatment

23  Center where Plaintiff was undergoing methadone treatment when he took leave from the Defendant in

24  February 2004.  (Pl.'s Resp. 6.)  Plaintiff still refuses to provide a signed general medical records release

25  for all health care providers as requested by Defendant's motion.  (*Id*. at 2.)

26  ORDER – 2

1  **II.    ANALYSIS**

2      If a responding party has not answered an interrogatory or request for production, or has

3  answered incompletely, the discovering party may move for an order compelling a sufficient answer.  Fed.

4  R. Civ. P. 37(a)(2)(B), (a)(3).  However, such a motion must be accompanied by a certification that the

5  movant conferred, or attempted to confer, with the non-disclosing party in an effort to resolve the

6  dispute.  *Id.* 37(a)(2)(A).  The Defendant here has demonstrated that it has conferred with the Plaintiff in

7  an attempt to resolve the discovery dispute before bringing the matter before the Court.  (Def.'s Mot. 6;

8  Luhn Decl. ¶ 15.)

9      While the party seeking discovery must move the Court for an order under Rule 37(a) compelling

10  answers, the burden is on the responding party to justify its objections or failure to provide complete

11  answers to the interrogatories or requests for production.  *See* Fed. R. Civ. P. 33(a) (Adv. Comm. Notes

12  1970).  Defendant moves for an order directing Plaintiff to provide an unrestricted general medical

13  records release that will permit Defendant to conduct discovery into the information sought by

14  Interrogatory No. 4 and Request for Production No. 2.  Plaintiff objected to the request for medical

15  records not related to the treatment of the specific health condition for which he claims FMLA

16  entitlement and bases his objection on the grounds that such information is not relevant and not

17  reasonably designed to lead to discoverable information.  (Luhn Decl. Ex. D.)  In addition to the

18  relevancy objection, Plaintiff objects in his briefing on the basis of a physician–patient privilege.

19      The physician–patient privilege, asserted by Plaintiff in his response to this motion (Pl.'s Resp.

20  10), does not apply in this case.  The federal law of privilege governs federal question cases even when

21  the Court exercises supplemental jurisdiction over pendent state law claims.  *Religious Tech. Center v.*

22  *Wollersheim*, 971 F.2d 364, 367 n.10 (9th Cir. 1992) (refusing to apply California litigation privilege in

23  copyright action with pendent state law claims); *Hankcock v. Hobbs*, 967 F.2d 462, 466–67 (11th Cir.

24  1992) (courts confronting issue have uniformly held federal privilege law applies in federal question cases

25  with pendent state law claims); *Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th Cir. 1992) (following

26  ORDER – 3

1   *Perrignon v. Bergen Brunswig Corp.*, 77 F.R.D. 455 (N.D. Cal. 1978) (Federal privilege law "should not

2   be cast aside simply because pendent state claims are raised in what is primarily a federal question

3   case.")); *Keith H. v. Long Beach Unified School Dist.*, 228 F.R.D. 652, 656 (C.D. Cal. 2005).  There is

4   no physician–patient privilege recognized under federal common law or in the Ninth Circuit.  *In re Grand*

5   *Jury Proceedings*, 867 F.2d 562, 564 (9th Cir. 1989) (noting Circuit's refusal to adopt a

6   physician–patient privilege), *abrogated on other grounds by Jaffee v. Redmond*, 518 U.S. 1 (1996)

7   (recognizing a psychotherapist–patient privilege in federal law); *In re Grand Jury Proceedings*, 801 F.2d

8   1164, 1169 (9th Cir. 1986) (citing *Whalen v. Roe*, 429 U.S. 589, 602 n.28 (1997)); 3 Jack B. Weinstein

9   and Margaret A. Berger, WEINSTEIN'S FEDERAL EVIDENCE § 514.02 (2d ed. 2005) ("No doctor–patient

10  privilege exists at federal common law.").  Therefore, Plaintiff may not assert physician–patient privilege

11  to prevent Defendant from discovering the information it seeks.  Further, even if there were any

12  applicable physician–patient privilege in this case, it would be waived by the commencement of this

13  action, where the medical condition at issue here was raised by Plaintiff's claim.  *See Sherman v. State*,

14  128 Wash. 2d 164, 203 (1995) (Plaintiff waived physician–patient privilege when he filed action for

15  damages that included claim of "handicap discrimination.").

16      Plaintiff's only other objection and reason for not providing the medical release requested by the

17  Defendant is that information that could be acquired under such a release is irrelevant.  (Luhn Decl. Ex.

18  D; Pl.'s Resp. 6, 9.)  Parties may discover any relevant, unprivileged information that is admissible at trial

19  or reasonably calculated to lead to admissible evidence.  Fed. R. Civ. P. 26(b)(1).  Relevancy is construed

20  broadly, *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.12 (1978), to encompass "any matter

21  that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be

22  in the case." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).  Thus, discovery is not limited to the issues

23  raised by the pleadings or the merits of a case.  *Sanders*, 437 U.S. at 351.

24      Defendant claims that the documents it seeks through this motion are necessary to determine

25  whether Plaintiff's condition was a "serious health condition" defined in the FMLA and whether this

26  ORDER – 4

1   condition was foreseeable based on planned medical treatment, both integral issues to Defendant's

2   defense. (Def.'s Mot. 8–9.)  Plaintiff argues the medical records throughout his whole life are irrelevant

3   to Defendant's defenses that Plaintiff did not suffer a "serious health condition" or that Plaintiff was

4   required to and did not provide adequate notice to Defendant before taking leave. (Pl.'s Resp. 6–7.)

5          Defendant's request for an order directing Plaintiff to sign a general medical records release is

6   unnecessarily broad.  Such a release would allow Defendant to acquire the medical records of Plaintiff

7   pertaining to matters wholly unrelated to those at issue in this case.  Nevertheless, a general medical

8   release may cover some relevant information that is yet undisclosed.  Plaintiff's medical records—relating

9   to the events and circumstances that form the basis of Plaintiff's claim, and his prescriptions for pain

10  medication and resulting methadone treatment for the abuse of prescription pain medication—are

11  relevant.  *See Wemmitt-Pauk v. Beech Mountain Club*, 140 F. Supp. 2d 571, 581 (W.D.N.C. 2001)

12  (dismissing FMLA claim where no medical records submitted of any "serious health condition" and no

13  evidence that Plaintiff gave employer sufficient notice of leave).  Medical records relating to any other

14  prescription pain medications or any other methadone treatments are also relevant to Defendant's theory

15  that Plaintiff knew or should have known that he would be requiring leave under the FMLA.

16         Plaintiff has already provided Defendant with medical releases, unrestricted in time, for Dr. Sy

17  (Plaintiff's primary care physician who wrote note a note to Defendant indicating that Plaintiff would be

18  unable to work due to medical reasons), the two facilities where Plaintiff was prescribed the pain

19  medication he became dependent on, and the Evergreen Treatment Center where Plaintiff was undergoing

20  methadone treatment at the time he took leave from Defendant in February 2004.  (Pl.'s Resp. 9.)

21  Medical records obtained under such releases are relevant.  However, it is unclear from the record

22  whether the medical releases provided by Plaintiff cover all of the facilities where he has been prescribed

23  pain medication and all of the facilities where he has undergone methadone treatment in the past.  Such

24  additional information, if it exists, is relevant to Defendant's defenses that Plaintiff did not suffer from a

25  "serious medical condition" and that Plaintiff did not give adequate notice of his leave, and therefore it is

26  ORDER – 5

1    discoverable.

2           For these reasons, it is hereby ORDERED:

3           (1) Defendant's request for a general medical release from Plaintiff is GRANTED in part and

4    DENIED in part.

5           (2) Plaintiff is ORDERED to provide Defendant with signed medical records releases for all

6    providers and facilities that have prescribed him pain medication and all facilities where he has undergone

7    methadone treatment for the previous 10 years, to the extent he has not done so already.

8

9           SO ORDERED this 1st day of November, 2005.

10

11                                                  _John C Coughenour_

12                                                  John C. Coughenour
                                                    United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER – 6